FILED

**NOT FOR PUBLICATION**

JAN 03 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30382 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00041-WFN |
| v. | |
| HILARIO MORENO-GARCIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted December 17, 2013[**]

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

Hilario Moreno-Garcia appeals from the district court's judgment and

challenges the 27-month consecutive sentence imposed upon revocation of

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly Moreno-Garcia's request for oral argument is denied.

Moreno-Garcia contends that the district court's denial of his motions to unseal the sentencing transcripts of his co-defendants violated his First Amendment rights and impeded his ability to evaluate his sentence for disparities with the sentences of his co-defendants. The district court did not abuse its discretion because the record supports its conclusion that Moreno-Garcia's interest in investigating potential sentencing disparities did not outweigh the compelling interest of maintaining the safety of his co-defendants and their families. *See In re Copley Press, Inc.*, 518 F.3d 1022, 1026, 1028-29 (9th Cir. 2008).

Moreno-Garcia next argues that the district court procedurally erred by failing to consider unwarranted sentencing disparities when it decided to run his revocation sentence consecutively to the sentence for his underlying drug conspiracy. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The district court considered Moreno-Garcia's sentencing disparity argument and found it unpersuasive because Moreno-Garcia's circumstances were unique.

Moreno-Garcia finally contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing the sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The Guidelines contemplate that revocation sentences are to run consecutively to sentences for

new offenses, *see* U.S.S.G. § 7B1.3(f), and Moreno-Garcia's sentence is substantively reasonable in light of his breach of the court's trust. *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

**AFFIRMED.**